# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS R. MONTGOMERY, | ) |
| Plaintiff, | ) |
| vs. | ) No. CIV-18-913-HE |
| WARDEN GERLACH, et al., | ) |
| Defendants. | ) |

## ORDER

Plaintiff Thomas R. Montgomery, a pre-trial detainee appearing *pro se*, brought this action pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights. Plaintiff had acquired at least three strikes pursuant to 28 U.S.C. § 1915(g) and Tenth Circuit authority before initiating this case. Having accumulated these three strikes, plaintiff is required to prepay the entire filing fee before the court may consider any new action, absent a demonstration that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). On November 1, 2018, U.S. Magistrate Judge Suzanne Mitchell issued a Report and Recommendation recommending the denial of plaintiff's motion to proceed in forma pauperis and the dismissal without prejudice of this conditionally filed action unless plaintiff pays the full $400 filing fee within twenty-one days from the date of any order adopting the Report and Recommendation. Specifically, the Magistrate Judge found that plaintiff's filings do not allege or plausibly suggest that the imminent danger exception of § 1915(g) applies. Plaintiff was advised of his right to object to the Report and Recommendation, and he has filed a timely objection.

In his objection, plaintiff asserts that he was in imminent danger of serious physical harm during the time he filed this case. Plaintiff specifically raises numerous complaints about the conditions of his confinement and the alleged violent behavior of detention officers working at the facility.

> To satisfy the "imminent danger" exception, a complainant must offer *specific* fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury. Reliance on past injuries or harm, or offering vague or conclusory allegations, is insufficient. In other words, the injury must be imminent or occurring at the time the complaint is filed.

Davis v. Rice, 299 F. App'x 834, 835 (10th Cir. 2008) (internal citations and quotations omitted) (emphasis in original).

Having reviewed plaintiff's complaint and objections, the court agrees with the Magistrate Judge that plaintiff has not satisfied the imminent danger exception. Accordingly, the court **ADOPTS** Magistrate Judge Mitchell's Report and Recommendation [Doc. #8], **DENIES** plaintiff's Application for Leave to Proceed in Forma Pauperis [Doc. #7], and **ORDERS** plaintiff to pay the full $400 filing fee within twenty-one (21) days of the date of this Order. Plaintiff is advised that if he does not pay the full $400 filing fee within twenty-one days of the date of this Order, this action will be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this 9th day of January, 2019.

                                              JOE HEATON
                                              CHIEF U.S. DISTRICT JUDGE